**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TEODORO MARINO HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-832 |
| | ) | |
| LEONARD ODDO *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

This case was initiated on May 6, 2026, upon the Court's receipt of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging Petitioner Teodoro Marino Hernandez's ("Petitioner") immigration detention at the Moshannon Valley Processing Center. (Docket No. 1). The Petition was submitted without a filing fee or a motion for leave to proceed in forma pauperis ("IFP"). To date, Petitioner has failed to pay the required filing fee, submit an IFP motion, respond to the Court's Deficiency Order (Docket No. 3), or otherwise prosecute this case.

A federal court has the discretion to dismiss a proceeding *sua sponte* under Rule 41(b) of the Federal Rules of Civil Procedure based on a party's failure to prosecute or comply with an order of court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)); *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be weighed when considering whether to dismiss a case as a sanction for failure to prosecute or to obey pretrial orders:

1

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure . . .; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868 (emphasis omitted).  These six factors must be balanced in determining whether dismissal is an appropriate sanction, although not all factors need to weigh in favor of dismissal before dismissal is warranted.  *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  The Court holds that application of the *Poulis* factors is appropriate in this habeas case.

Reviewing the six factors in order, the Court first notes that Petitioner is proceeding in this matter *pro se*, and is solely responsible for prosecuting this case and complying with orders of Court.  Second, Respondents have not been served with the Petition, but there is no indication that any Respondent has been prejudiced unfairly by Petitioner's conduct.  Third, Petitioner has failed to respond to the Court's Deficiency Order, and he has neither paid the applicable filing fee nor moved for leave to proceed IFP, which indicates that Petitioner does not intend to proceed with this case.  Fourth, it appears that Petitioner has willfully failed to prosecute the case.  Fifth, Petitioner currently is proceeding *pro se*, and there is no indication on the record that the imposition of costs or fees would likely be an effective sanction.  Lastly, as to the sixth factor, a habeas petition attacking immigration detention under 28 U.S.C. § 2241 is mooted upon Petitioner's removal from the country.  Given Petitioner's unresponsiveness, it is likely that this case is now moot.

On balance, the Court concludes that the *Poulis* factors support dismissal of the present action.  While the Court is mindful of the Third Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible when Petitioner declines to meaningfully participate in his case. Therefore, the Court concludes that the extreme sanction of dismissal is warranted here.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 10th day of July, 2026, IT IS HEREBY ORDERED that Petitioner's Petition (Docket No. 1) is DISMISSED, without prejudice, for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court shall mark this case CLOSED.

> */s W. Scott Hardy*
> W. Scott Hardy
> United States District Judge

cc/ecf:    Teodoro Marino Hernandez (via U.S. Mail)

3